# Rosanna M'Karracher *against* Daniel M'Karracher.

On a sentence of divorce, the wife's disclaimer of alimony is not a perpetual bar to future applications.

Where there has been a reconciliation between the parties after a divorce, a new divorce is necessary to found the wife's claim of alimony.

THE libellant obtained a divorce from bed and board from the respondent her husband, on the 15th September 1792. A *curia advisare vult* was then entered as to alimony.

Afterwards on the 15th June 1793, she waved her claim to alimony in ·open court.

On the first day of the present term, she filed her petition for alimony, stating therein, that her husband had represented to her, that he was possessed of no property; but that she is well informed, he was now possessed of property to a considerable amount.

Mr. M. Levy for the respondent, objected to the court's go-*ing into the inquiry. The wife has waved her right by matter of record, and is now completely barred. If a woman refuses to accept a jointure, she shall not be at liberty [*57 to make a second election. The law directs, that the court shall exercise their discretion in allowing alimony, "as the justice of "the case shall require." 2 Dall. Laws, 387, § 10. But alimony ought not to be forced on a woman after she has disclaimed it by her free and deliberate act. The waver of an use is a complete disclaimer. 3 Co. 27, b. Waver is a perpetual dereliction. Co. Lit. 348, b. Waver in the case of a felony, is a full abandonment. 5 Co. 109.

Mr. Ingersóll *é contra.* Where there is a conveyance of a matter of a permanent nature, an election once exercised shall conclude the party. But the right now insisted on is occasional, and depends on a variety of circumstances.

If the husband was disabled by accident or disease from maintaining himself and family, and the court on a hearing should disallow the claim of the wife to alimony, this would be a stronger case than the present. And yet it will not be pretended, that if the husband should be restored to his health, or receive an accession to his property, a future claim of alimony would not be received and granted. The waver here of the wife was founded on a supposition, that her husband was overwhelmed with debts and unable to make her any allowance; but that foundation no longer exists. Her act in 1793, was a nonsuit for the time, but no perpetual bar.

BY THE COURT. The declarations of the wife in open court sometime after her obtaining a divorce, must be considered as having reference to the then subject matter. It abandons her

[M'Karracher v. M'Karracher.]

claim on her first petition, but on proper grounds she may re-sume it at a future period, on a new petition.

Several witnesses were examined on both sides, and the facts appeared as follows :

The libellant was the second wife of the respondent, and had two children by him, one of whom was lately dead, and the other was about the age of 16 years. He formerly carried on the blacksmith trade, but having twice broken his leg, he purchased a lot of ground in the city, and built a good three-story house thereon, though a considerable part of his tradesmen's bills re-mained unpaid. He now keeps a well accustomed tavern.

After the divorce, the wife received her clothing, a bed and bedding, and sundry articles of household furniture from her husband. And her step-daughter swore, that the libellant broke *open a chest, and took away money and valuable papers, *58] and by means of a false key, opened her husband's desk, and took out money at different times, both before and after the divorce. She also gave testimony, that shortly after her step-mother's divorce, the libellant came to her father's house, and lived with him two or three days, but the witness could neither tell the time of the divorce, nor when this reconciliation hap-pened. It also appeared highly probable from other circumstan-ces, that she was incorrect in point of time. After a separation the respondent continued his tavern, with the assistance of a woman named Hamel, with whom ·he had formerly an illicit connection. The libellant rented a house in a remote part of the city, kept lodgers, was engaged occasionally as a nurse, and maintained her two children.

It was insisted for the respondent, that there had been a re-conciliation between the parties after the divorce, and that the husband's freely cohabiting with his wife, though after an act of adultery, entitled her to dower. Co. Lit. 32, a, b. A single instance of reconciliation is sufficient, after the sentence of di-vorce pronounced, to preclude the wife from a separate mainte-nance under the former decree. No line can possibly be drawn to ascertain the continuance of a reconciliation ; but when once it has voluntarily obtained, the husband may even use force to complete the enjoyment of his marital rights. A new sentence of divorce became necessary to found the libellant's claim of alimony.

BY THE COURT. If the parties have been reconciled to each other since their divorce from bed and board, a fresh decree of divorce would be indispensably necessary to entitle the wife to alimony. We think the step-daughter has been mistaken as to the time of their last cohabitation ; and several circumstances strengthen our opinion. It is moreover highly improbable, that while her former claim for a separate maintenance was pending, she would live with her husband. Adopting as a fact, that this instance of reconciliation occurred previous to the 15th Septem-

[Carrol's Lessee v. Andrews.]

ber 1792, we award, that the respondent pay to the libellant 120 dollars annually, in half yearly payments, for her separate maintenance.

The respondent declared his intention to appeal to the High Court of Errors, and Appeals, which was granted to him.

Cited in 2 Phila. 394.